IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES STEPHEN MARTIN,

    Petitioner,

v.                                                                          No. 17-cv-0368 RB/SMV

RICARDO MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on James Martin's habeas corpus petition under 28 U.S.C. § 2254 [Doc. 1], filed March 23, 2017. Martin asks the Court to vacate his state sentence for criminal sexual penetration, arguing the statutes applicable to sex offenders violate the Equal Protection Clause of the U.S. Constitution. [Doc. 1] at 16–17. For the reasons below, the Court will require Martin to show cause why his habeas petition should not be dismissed as untimely.

## Background

Martin pled no contest to three counts of criminal sexual penetration in state court on January 27, 2010. *See* Change of Plea Minutes in Case No. D-1215-CR-2008-00514.[1] He was sentenced to 30 years imprisonment, 16 of which were suspended. [Doc. 1] at 1. The state court entered Judgment on his conviction and sentence on January 28, 2010. *Id.*; Judgment and

---

[1] The Court takes judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand").

Sentence in Case No. D-1215-CR-2008-00514. Martin did not file an appeal. [Doc. 1] at 2. The Judgment therefore became final on March 1, 2010, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271–1273 (10th Cir. 2001) (for purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); Rule 12-201 NMRA (providing that a notice of appeal must be filed within 30 days after entry of the judgment); Rule 1-006(A)(1)(c) NMRA (explaining that when a 30-day appeal period falls on a Saturday, the period expires at the end of the next business day).

Over three years later, Martin filed a state habeas petition. [Doc. 1] at 6; Habeas Corpus Petition in Case No. D-1215-CR-2008-00514. The state court denied the petition on August 13, 2013. [Doc. 1] at 6; Order in Case No. D-1215-CR-2008-00514. Martin continued to file state habeas petitions until 2017. *See generally* Case No. D-1215-CR-2008-00514. On March 23, 2017, he filed this federal § 2254 petition. [Doc 1].

## **Timeliness of the § 2254 Petition**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

2

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The one-year limitation period appears to have expired in March 2011, about six years before Martin filed his federal § 2254 petition.  The filing of a state habeas petition after the expiration of the one-year period did not—as Martin may believe—restart the clock or otherwise immunize the untimely federal petition.  *See Gunderson v. Abbott*, 172 F. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the . . . deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (noting the petitioner could not take advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").  The Court will therefore require Martin to show cause within 30 days of entry of this Order why his habeas petition should not be dismissed as untimely.  Failure to timely comply may result in dismissal of the habeas action without further notice.  *See Hare v. Ray*, 232 F.3d 901 (10th Cir. 2000) (the district court may sua sponte dismiss an untimely § 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS THEREFORE ORDERED** that, no later than **June 15, 2018**, Martin file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**IT IS SO ORDERED**.

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**