IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES STEPHEN MARTIN,

    Petitioner,

v.    No. 2:17-cv-00368 RB/SMV

RICARDO MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondents.

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS PETITION

Before the Court is James Martin's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1.) Martin is incarcerated at the Roswell Correctional Center (RCC), appears *pro se*, and is proceeding *in forma pauperis.* He asks the Court to vacate his state sentence for criminal sexual penetration, arguing the statutes applicable to sex offenders violate the Equal Protection Clause of the U.S. Constitution. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915 and Habeas Corpus Rule 4, the Court will dismiss the petition as untimely.

**I. Background**

Martin pled no contest to three counts of criminal sexual penetration on January 27, 2010. (*See* TAP: Change of Plea Minutes in case no. D-1215-CR-2008-00514.[1]) He was sentenced to 30 years imprisonment, 16 of which were suspended. (Doc. 1 at 1.) The state court entered Judgment on his conviction and sentence on January 28, 2010. (*Id.*; Judgment and Sentence entered in case no. D-1215-CR-2008-00514.) Martin did not file an appeal. (Doc. 1 at 2.) The Judgment therefore became final on March 1, 2010, when the 30-day appeal period expired. *See Locke v. Saffle*, 237

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand").

F.3d 1269, 1271–73 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment); NMRA, Rule 1-006(A)(1)(c) (explaining that when a 30-day appeal period falls on a Saturday, the period expires at the end of the next business day).

Over three years later on August 6, 2013, Martin filed a state habeas petition. (Doc. 1 at 6; RPN: Habeas Corpus Petition filed in case no. D-1215-CR-2008-00514.) The state court denied the petition on August 13, 2013. (Doc. 1 at 6; Order in case no. D-1215-CR-2008-00514.) Martin continued to file state habeas petitions until 2017. (*See generally* case no. D-1215-CR-2008-00514.) On March 23, 2017, Martin filed the federal § 2254 petition. (Doc 1.)

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

The record reflects the one-year limitation period expired in March 2011, about three years before Martin filed his state habeas petition and six years before Martin filed his federal § 2254

2

petition. By an Order entered May 16, 2018, the Court allowed Martin 30 days to show cause why his habeas petition should not be dismissed as untimely. The Order set forth the above exceptions and noted that equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Martin was also warned that the failure to timely show cause may result in dismissal of the habeas action without further notice. *See Hare v. Ray*, 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely § 2254 petition where the petitioner fails to identify circumstances that would support tolling).

The Order was initially returned as undeliverable. (Doc. 8.) On May 29, 2018, the Clerk of Court located Martin at his new prison facility and mailed a copy of the Order to that address. The Court then waited nearly six more weeks to follow up on the Order. Martin did not respond or otherwise show cause as directed. The petition must therefore be dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Martin failed to make a substantial showing that he has been denied a constitutional right.

**IT IS ORDERED** that James Stephen Martin's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE